905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
United Food & Commercial Workers, Local 204, Intervenor,
v.
NARRIS-TEETER SUPERMARKET, A Corporation, Respondent.
 No. 89-3326.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1990.
Decided May 10, 1990.
 
 On Application for Enforcement of an Order of the National Labor Relations Board.
 Marilyn O'Rourke Athens, National Labor Relations Board, Washington, D.C., (Argued), for petitioner; Jerry M. Hunter, General Counsel, Robert E. Allen, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Barbara A. Atkin, Supervisory Attorney, National Labor Relations Board, Washington, D.C., on brief.
 Renee Luvonia Bowser, Assistant General Counsel, United Food and Commercial Workers International Union, Washington, D.C. (argued), for intervenor.
 Charles P. Roberts, III, Haynsworth, Baldwin, Johnson and Greaves, P.A., Greensboro, N.C. (argued), for respondent, John O. Pollard, Blakeney, Alexander & Machen, Charlotte, N.C., on brief.
 NLRB
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and Frank A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 I.
 
 1
 The National Labor Relations Board ("Board") seeks to enforce its order stemming from a finding that Harris-Teeter Supermarkets, Inc. ("Harris"), violated the National Labor Relations Act. An Administrative Law Judge ("ALJ") found that Harris had violated Sections 8(a)(1) and (5) of the Labor Act by:
 
 
 2
 1. imposing new limitations on the job progression policy for Maintenance and Forklift Mechanics without bargaining with the union;
 
 
 3
 2. promulgating a new sexual harassment policy without bargaining with the union;
 
 
 4
 3. changing its "break time" policy for Freezer employees without bargaining with the union; and
 
 
 5
 4. dealing directly with its salvage dock employees instead of through the union with regard to the possible implementation of a four-day work week.
 
 
 6
 Harris filed exceptions to the ALJ's decision, but the Board affirmed the decision on April 20, 1989. The case comes before this court on the Board's application for enforcement of its order. The order required Harris to cease and desist from further violations of the Labor Act and to rectify the harm caused by these violations. Under the order, the company must promote an employee who was denied a promotion under the more restrictive progression policy and pay lost earnings,[1] rescind the policy on sexual harassment, rescind a disciplinary notice given to an employee under the new "break time" policy and expunge his record, notify the union of proposed changes in the future and bargain with the union if requested, and post a remedial notice.
 
 II.
 
 7
 The Labor Act makes it an unfair labor practice to "interfere with, restrain, or coerce employees" in the exercise of their right to engage in union activities. 28 U.S.C. Sec. 158(a)(1). The Act also requires employers to bargain collectively with the representatives of its employees. 29 U.S.C. Sec. 158(a)(5). Factual findings made by the ALJ and affirmed by the Board are binding if supported by substantial evidence on the record considered as a whole. 29 U.S.C. Sec. 160(e).
 
 
 8
 The disputes between the parties turn almost entirely on factual issues. Harris challenges the three allegations of a unilateral change in policy by asserting that no change in policy ever took place. The ALJ credited the testimony of employees and union officials that Harris had instituted new policies without bargaining with the union. To the extent that Harris produced contrary testimony, the ALJ had the discretion to discount it.
 
 
 9
 Harris also urges us to reverse the finding that it engaged in impermissible direct dealing with its employees. The company admits at this point that it polled six salvage dock employees with regard to a mandatory bargaining issue (the four-day work week) scheduled for discussion in upcoming negotiations. The opinion poll, it argues, was legal because the questioning was not coercive and because the union had not already announced a position on the issue. We cannot accept such an interpretation of the bar against direct dealing. Harris "sought to ascertain employee opinion prior to the bargaining--a job that belonged to the Union." Wallkill Valley General Hospital, 288 NLRB No. 18 (March 23, 1988) (footnotes omitted), enforced, 866 F.2d 632 (3d Cir.1989). The potential to abuse the acquired information and undermine the effectiveness of the bargaining agent for the employees exists whether or not the employer obtains the information prior to the union's stating a position.[2]
 
 
 10
 We have reviewed the record and the briefs and considered the oral arguments made by both sides. We find substantial evidence in the record considered as a whole to support the ALJ's factual findings, and we find no error in the application of the law. We therefore affirm the decision and order of the Board.[3]
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 If Harris had applied the existing policy, that employee would have been promoted. Because Harris changed that policy unilaterally, the Board, in its order, required Harris to promote that employee and to give him back pay to make up for lost wages. For the reasons stated infra in the body of this opinion, that order is entitled to enforcement by this court
 
 
 [2]
 The company also suggests that the survey was lawful because the company ultimately decided not to include salvage dock employees in its four-day work week proposal. However, any bargaining position, whether active or passive, taken by the company in reliance upon its own survey of employees circumvents the union as the representative of those employees
 
 
 [3]
 The Board's motion to strike a part of Harris' brief is hereby denied