901 F.2d 1130
 134 L.R.R.M. (BNA) 2208, 284 U.S.App.D.C. 78
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 87-1439.
 United States Court of Appeals, District of Columbia Circuit.
 May 11, 1990.
 
 Before MIKVA and D.H. GINSBURG, Circuit Judges, and THOMAS PENFIELD JACKSON, District Judge.*
 ORDER
 PER CURIAM.
 
 
 1
 On December 2, 1988, this Court affirmed the decision of the Federal Labor Relations Authority (FLRA or "Authority") in the above-referenced case. The Authority's order compelled petitioner, Internal Revenue Service (IRS) to bargain with the National Treasury Employees Union (NTEU) over a proposed contract provision creating grievance procedures for alleged failures of the IRS to comply with an Office of Management and Budget Circular (OMB Circular) that restricted "contracting out" of work. IRS v. FLRA, 274 U.S.App.D.C. 135 (1988), reh'g denied, 862 F.2d 880 (1989).
 
 
 2
 Our decision rested on the FLRA's determination that any failure by the IRS to comply with the OMB Circular would be a violation of "a rule affecting conditions of employment." Under the Federal Labor Relations Act Sec. 7121, complaints about violations of such a rule are "grievances" statutorily subject to collective-bargaining. We upheld, as permissible, the FLRA's conclusion that Sec. 7121 controlled complaints about the OMB Circular, notwithstanding Sec. 7106(a) of the Federal Labor Relations Act which reserved to management the authority to make determinations concerning contracting-out decisions "in accordance with applicable laws." 5 U.S.C. Sec. 7106(a)(2)(B).
 
 
 3
 On writ of certiorari, the Supreme Court reversed and remanded. 58 U.S.L.W. 4447 (April 17, 1990). The Court held that the text of Sec. 7106 contradicts the FLRA's position by providing that "nothing in this chapter" shall affect the authority of agency officials to make contracting out determinations in accordance with applicable laws. Nevertheless, the Court remanded the decision to this court on the ground that the disputed bargaining proposal might be negotiable if a violation of the OMB Circular would constitute a violation of "applicable laws." That determination, must be performed in the first instance by the FLRA.
 
 
 4
 As an appellate court, we are poorly situated to evaluate the interpretations of "applicable laws" that the FLRA might permissibly adopt, and whether such interpretations might encompass the OMB Circular, until the FLRA has formulated a concrete construction of Sec. 7106(a)(2)(B).
 
 
 5
 Upon consideration of the foregoing, and of the parties' briefs, which were previously filed, it is
 
 
 6
 ORDERED that the judgment of this court filed on December 2, 1988 is vacated, and it is
 
 
 7
 FURTHER ORDERED by the court that the decision of the Authority is remanded for further proceedings to determine whether the OMB Circular is an "applicable law" and for such other consideration consistent with the decision of the Supreme Court.
 
 
 
 *
 The Honorable Thomas Penfield Jackson of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. Sec. 292(a) (1982)